UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN SEIDEL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-581 |
| | § | |
| NEW CANEY INDEPENDENT | § | |
| SCHOOL DISTRICT, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court in this employment discrimination case is the motion to dismiss filed by Defendants New Caney Independent School District ("New Caney ISD") and Kenn Franklin. (Doc. No. 20.) After reviewing the parties' filings, their oral arguments, and the applicable law, the Court finds that the motion should be granted in part and denied in part.

I.   BACKGROUND

The following facts are drawn from Mr. Seidel's amended complaint. (Doc. No. 19.) For purposes of deciding this motion, the Court "accept[s] as true the well-pleaded factual allegations in the complaint." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004)).

Mr. Seidel is an Iraq War veteran who suffers from post-traumatic stress disorder ("PTSD"). In 2011, he began working as a high school teacher with New Caney ISD. At the beginning of the school year, Mr. Seidel told the school's principal, David Loyacano, about his PTSD and that enclosed spaces and loud noises exacerbated his symptoms. For that reason, Mr. Seidel asked to be excused from attending school pep rallies with his students. Mr. Loyacano agreed that Mr. Seidel could patrol the hallways instead. This arrangement continued for about

one-and-a-half years.

On December 21, 2012, the high school held a school-wide "Lip Dub," which resembles a pep rally in its loudness. Deborah Redding, a supervising teacher and department chair, told Mr. Seidel to attend the "Lip Dub" with his students. Mr. Seidel repeatedly told Ms. Redding that "he could not go into the gym." (Doc. No. 19 at 4.) He informed her that "he does not go to the pep rallies" and emphasized his inability "to be in that kind of situation." (*Id.*) Nonetheless, Ms. Redding insisted.

At first, Mr. Seidel stayed near the gym door. Later, other unnamed administrators forced him into the bleachers, over his objections. The experience—students rushing in, screaming, popping balloons, shooting off confetti cannons—caused Mr. Seidel to have a flashback to Iraq. With help from students, he left the gym and returned to his classroom. He sent Ms. Redding a text message explaining that he had had to leave and could not be in the gym. She responded, "Sorry, We needed everybody there!" (Doc. No. 19 at 5.) For the rest of that day, Mr. Seidel continued to experience panic attacks and flashbacks. He left the school and has not returned since, "out of fear of having a flashback and possibly hurting a child." (*Id.*)

In his amended complaint, Mr. Seidel alleges that New Caney ISD, through its employee, Ms. Redding, violated Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, and the Rehabilitation Act of 1973, 29 U.S.C. § 784. In particular, the violation consisted of withdrawing the accommodation of allowing Mr. Seidel to patrol the hallways during pep rallies rather than having to attend them. Mr. Seidel's amended complaint also separately names Superintendent Kenn Franklin as a defendant.

In their motion to dismiss, New Caney ISD and Mr. Franklin (collectively, the "Defendants") argue that Mr. Franklin is a redundant defendant. They also argue that Mr. Seidel

failed to plead a viable failure-to-accommodate claim under the ADA or the Rehabilitation Act. The motion is ripe for disposition.[1]

## II. STANDARD OF REVIEW

A court may dismiss an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier*, 503 F.3d at 401 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Gonzalez v. Kay*, 577 F.3d 600, 605 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft*, 556 U.S. at 678).

## III. LEGAL FRAMEWORK

"Official-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Graham*, 473 U.S. at 166. If a plaintiff files suit against the government entity and an official, any claims against the official in his or her

---

[1] Mr. Seidel filed a motion for leave to file a surreply (Doc. No. 26), on August 10, 2015, which the Court granted that same day with a deadline for filing of August 31, 2015. No surreply was filed.

official capacity should be dismissed. *See Tuskan v. Jackson Cnty.*, 2014 WL 3747606, *2 (S.D. Miss. July 29, 2014); *Johnson v. Hurtt*, 893 F. Supp. 2d 817, 827 (S.D. Tex. 2012).

To state a failure-to-accommodate claim under the ADA, the plaintiff must make a prima facie showing that (1) he "is a 'qualified individual with a disability'; (2) the disability and its consequential limitations were 'known' by the covered employer; and (3) the employer failed to make 'reasonable accommodations' for such known limitations." *Neely v. PSEG Tex., Ltd. P'ship*, 735 F.3d 242, 247 (5th Cir. 2013) (quoting *Feist v. La. Dep't of Justice*, 740 F.3d 450, 452 (5th Cir. 2013)). A "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). "Reasonable accommodations" include

(A) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and
(B) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

*Id.* § 12111(9).

## IV. ANALYSIS

### A. Mr. Franklin as a Defendant

Defendants first contend that all claims against Mr. Franklin should be dismissed. According to Defendants, he has been sued in his official capacity, which is redundant, because the entity—New Caney ISD—has also been sued. Mr. Seidel did not respond to this argument.

The amended complaint does not contain any factual allegations as to acts or omissions attributable to Mr. Franklin. Rather, the complaint describes him in the "Parties" section as "the Superintendent of New Caney [ISD]" with "a duty to insure that Federal Statutes and Codes are

compiled with in accordance with federal and state law." (Doc. No. 19 at 2.) As a result, Mr. Franklin has been sued in his official capacity only. Because New Caney ISD itself has also been sued, claims against Mr. Franklin are redundant. Accordingly, Defendants' motion to dismiss regarding claims against Mr. Franklin must be granted. *See Tuskan*, 2014 WL 3747606, *2; *Johnson*, 893 F. Supp. 2d at 827.

### B. Failure to Accommodate

Turning to the heart of the motion to dismiss, Defendants maintain that Mr. Seidel has failed to state a failure-to-accommodate claim. Specifically, Defendants argue that he cannot establish a prima facie case (1) that he is a qualified individual who can perform the essential functions of his job and (2) that New Caney ISD failed to accommodate him.

#### 1. Qualified Individual

The parties' arguments turn on one question: what is the relevant time for assessing whether Mr. Seidel can work as a teacher? Defendants argue that, because Mr. Seidel has admitted that he can no longer work as a teacher, his claim must be dismissed. Mr. Seidel responds that, because he could work as a teacher on December 21, 2012, until Ms. Redding withdrew his reasonable accommodation to not attend pep rallies, he has satisfied this element of his claim.

A review of ADA case law illustrates that the relevant time for determining whether a plaintiff can work is when the alleged ADA violation occurred. *See e.g.*, *McMillan v. City of New York*, 711 F.3d 120, 127 (2d Cir. 2013) ("After the essential functions of the position are determined, the plaintiff must demonstrate that he or she could have performed these functions, with or without reasonable accommodation, at the time of the termination or discipline."); *Johnson v. Bd. of Trustees of Boundary Cnty. Sch. Dist. No. 101*, 666 F.3d 561 (9th Cir. 2011)

(an ADA plaintiff "must show that she was 'qualified' at the time of the alleged discrimination"); *Cato v. First Federal Community Bank*, 668 F. Supp. 2d 933, 946 (E.D. Tex. 2009) ("To assert a claim under the ADA's accommodation provisions, Plaintiff must show: (1) she requested a reasonable accommodation; and (2) that she was a qualified individual with a disability at the time the request for accommodation was made."); *Eber v. Harris Cnty. Hosp. Dist.*, 130 F. Supp. 2d 847, 858 (S.D. Tex. 2001) ("The legislative history of the ADA reveals that the term 'qualified' refers to whether the individual [was] qualified at the time of the job action in question.") (quoting *Morton v. GTE North Inc.*, 922 F. Supp. 1169 (N.D. Tex. 1996)) (alteration in original); cf. *E.E.O.C. v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 618 (5th Cir. 2009) ("In an ADA case, the relevant time for assessing the existence of a disability is the time of the adverse employment action.").

In the context of a failure-to-accommodate claim, the alleged ADA violation is the failure to accommodate itself. *See Picard v. St. Tammany Parish Hosp.*, 611 F. Supp. 2d 608, 620 (E.D. La. 2009). Thus, Mr. Seidel need only plausibly allege that he could work as a teacher when New Caney ISD failed to accommodate him on December 21, 2012. The amended complaint satisfies this requirement. (Doc. No. 19 at 3, ¶ 16.)

The cases that Defendants cite are not to the contrary. In *Burch v. City of Nacogdoches*, the plaintiff was a firefighter who suffered a severe injury while rescuing a co-worker from a burning house. 174 F.3d 615, 616 (5th Cir. 1999). That injury made it impossible for him to fight fires, an essential function of a firefighter. *Id.* at 617, 621. It was not until after he was injured that the plaintiff requested an accommodation of reassignment to light-duty work, which the City denied. *Id.* at 617. Therefore, the plaintiff could not work as a firefighter when the City's alleged ADA violations occurred, and summary judgment in the City's favor was appropriate. *Id.* at 621.

Similarly, in *Fields v. St. Bernard Parish School Board*, the plaintiff was a teacher who requested an accommodation. 2000 WL 1560012, *5 (E.D. La. 2000). At the time of her request, she could not work because she was suffering from post-traumatic stress disorder, brought on by a series of student-perpetrated assaults and threats. *Id.* at *1, *5. Consequently, the court concluded that she was not a "qualified individual" under the ADA. *Id.* at *7.

Here, however, Mr. Seidel alleges that he could work as a teacher when New Caney ISD denied his request for an accommodation on December 21, 2012. As a result, he has made a prima facie showing that he is a qualified individual.

### 2. Accommodation

Defendants' next argument is that New Caney ISD provided Mr. Seidel with a reasonable accommodation by (1) allowing him to patrol the hallways rather than attend pep rallies, and (2) permitting him to remain on leave after he was unable to work. Based on these facts, Defendants assert that New Caney ISD "never denied Seidel's accommodation requests." (Doc. No. 23 at 6.) But these arguments elide the amended complaint's key allegation that Ms. Redding withdrew the accommodation of patrolling hallways. Other courts have acknowledged that withdrawing an existing accommodation may give rise to liability under the ADA. For example, in *Isbell v. John Crane, Inc.*, the court noted that when an employer "had already made a reasonable accommodation . . . the question becomes . . . whether it was reasonable for [the employer] to withdraw that existing accommodation." 30 F. Supp. 3d 725, 734 (N.D. Ill. 2014). The court ultimately granted the employee's motion for summary judgment because the undisputed facts showed that the employer's sudden withdrawal of a reasonable accommodation that had worked well for more than two years "constituted an unreasonable failure to accommodate that disability under the ADA." *Id.* at 735–36.

7

Lastly, Defendants contend that Mr. Seidel is to blame for the withdrawal of the accommodation and questions why he would listen to Ms. Redding instead of following his arrangement with the school principal. For now, however, the Court must take the amended complaint's facts as true. Speculation about why Mr. Seidel followed Ms. Redding's directions is beyond the scope of the complaint and cannot support a motion to dismiss for failure to state a claim.

**V.     CONCLUSION**

For the above reasons, Defendants' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. With respect to the claims against Mr. Franklin in his official capacity, the Motion is **GRANTED** and those claims are **DISMISSED WITH PREJUDICE**. Regarding the failure-to-accommodate claim against New Caney ISD, the Motion is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 18th day of September, 2015.

THE HONORABLE KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE